CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
200 Park Avenue – 17th Floor
New York, NY 10166
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

| | | |
|---|---|---|
| ERIK ENCARNACION, | : | Case No. 22-CV-2200 |
| | : | |
| Plaintiff, | : | |
| | : | |
| -against- | : | **FLSA COMPLAINT** |
| | : | |
| SJW SUSHI CORP. and JU HEE LEE, | : | Jury Trial Demanded |
| | : | |
| Defendants. | : | |

-------------------------------------------------------------X

Plaintiff ERIK ENCARNACION (hereinafter, "Plaintiff"), by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against defendants SJW SUSHI CORP. and JU HEE LEE (collectively, the "Defendants"), and states as follows:

## INTRODUCTION

1.     Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), he is entitled to recover from Defendants: (a) unpaid overtime compensation, (b) liquidated damages, (c) prejudgment and post-judgment interest, and (d) attorneys' fees and costs.

2.     Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from Defendants: (a) unpaid minimum wages, (b) unpaid overtime

compensation, (c) unpaid "spread of hours" premium for each day that his work shift exceeded ten (10) hours, (d) liquidated and statutory damages, (e) prejudgment and post-judgment interest, and (f) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.      Plaintiff is a resident of Kings County, New York.

6.      Defendant, SJW SUSHI CORP., is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 801 East Gun Hill Road, Bronx, New York 10467.

7.      Defendant, SJW SUSHI CORP., owns and operates a sushi counter located within Cherry Valley Market, located at 801 East Gun Hill Road, Bronx, New York 10467 (the "Sushi Counter").

8.      Defendant, SJW SUSHI CORP., owns and operates a sushi counter located within at least two (2) other Cherry Valley Market locations as well as other supermarkets in New York City.

9.      All of the sushi sold by SJW SUSHI CORP. at each of its sushi counters within the aforementioned supermarkets is prepared at the 801 East Gun Hill Road location.

10.     Defendant JU HEE LEE is the Chief Executive Officer, owner, director, manager, supervisor, and proprietor of SJW SUSHI CORP., who participates in the day-to-day operation of the Sushi Counter, and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with SJW SUSHI CORP.

11.     Defendant JU HEE LEE exercised control over the terms and conditions of Plaintiff's employment in that he has the power to and does in fact: (i) hire and fire employees, (ii) determines and approves rates and methods of pay, (iii) determines and approves employee work schedules, (iv) supervises and controls the work of the employees, and (v) creates and maintains employment records.

12.     Within each of the three (3) most recent years relevant to the claims herein, SJW SUSHI CORP. was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000.

13.     Defendants employed Plaintiff to work at the Sushi Counter as a non-exempt sushi preparer from in or about May 2021 through on or about December 21, 2021.

14.     The work performed by Plaintiff was directly essential to the business operated by Defendants.

15.     Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned minimum wages in direct contravention of the New York Labor Law.

16.     Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

17.     Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

18.     Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

19.     Defendant JU HEE LEE actively participates in the day-to-day operation of the Sushi Counter.  For instance, Mr. Lee hires and fires employees, supervises and directs the work of the employees, and instructs the employees how to perform their jobs.

20.     Defendant JU HEE LEE creates and implements all business policies and makes all crucial business decisions, including decisions concerning the number of hours the employees work, the amount of pay that the employees are entitled to receive, and the manner and method by which the employees are to be paid.

21.    In or about May 2021, Defendants hired Plaintiff to work at the Sushi Counter as a non-exempt sushi preparer.

22.    Neither at the time of his hire nor anytime thereafter did Defendants provide Plaintiff with a written wage notice setting forth his regular hourly rate and corresponding overtime rate of pay.

23.    Plaintiff worked for Defendants in such capacity until on or about December 21, 2021.

24.    Plaintiff worked over forty (40) hours per week.

25.    For the first month of his employment, Plaintiff worked three (3) days per week, and his work shift consisted of nine (9) hours per day Friday through Sunday from 7:00 a.m. until 4:00 p.m.

26.    During this period, Plaintiff was paid, in cash, at the rate of $500 per week and worked twenty-seven (27) hours per week. Thus, Plaintiff makes no claim for unpaid wages during this period.

27.    During the month of June 2021, Plaintiff worked seven (7) days per week, and his work shift consisted of ten (10) hours per day from 6:00 a.m. until 4:00 p.m.

28.    During this period, Plaintiff was not paid proper minimum wages and overtime compensation. During this period, Plaintiff was paid, in cash, at the rate of $1,000 per week straight time for all hours worked and worked seventy (70) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

29.    Beginning in or about July 2021 and continuing through in or about September 2021, Plaintiff worked seven (7) days per week, and his work shift consisted of nine (9) hours per day from 5:00 a.m. until 2:00 p.m.

30.    During this period, Plaintiff was not paid proper overtime compensation. During this period, Plaintiff was paid, in cash, at the rate of $1,000 per week straight time for all hours worked and worked sixty-three (63) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

31.    Beginning in or about October 2021 and continuing through the remainder of his employment on or about December 21, 2021, Plaintiff worked seven (7) days per week, and his work shift consisted of twelve (12) hours per day from 5:00 a.m. until 5:00 p.m.

32.    During this period, Plaintiff was not paid proper minimum wages and overtime compensation.  During this period, Plaintiff was paid, in cash, at the rate of $1,000 per week straight time for all hours worked and worked eighty-four (84) hours per week.  Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

33.    Upon paying Plaintiff his cash wages each week, Defendants failed to provide Plaintiff with wage statements setting forth, among other things, Plaintiff's gross wages, any deductions from Plaintiff's gross wages, and Plaintiff's net wages.

34.    Plaintiff was not required to punch a time clock or other time-recording device at the start and end of his work shift.

35.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff proper minimum wages, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

36.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

37.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff a "spread of hours" premium, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

38.     At all relevant times, upon information and belief, and during the course of Plaintiff's employment, Defendants failed to maintain accurate and sufficient wage and hour records.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

39.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "38" of this Complaint as if fully set forth herein.

40.     At all relevant times, upon information and belief, SJW SUSHI CORP. was and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).  Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

41.     At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

42.     Upon information and belief, at all times relevant hereto, SJW SUSHI CORP. has had gross revenues in excess of $500,000.

43.     Plaintiff is entitled to be paid at the statutory rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

44.     Defendants failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

45.     At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

46.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of overtime compensation would financially injure Plaintiff.

47.     As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

8

48.     Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

49.     As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

50.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

51.     Plaintiff is entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

52.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "51" of this Complaint as if fully set forth herein.

53.     At all relevant times, Defendants employed Plaintiff within the meaning of New York Labor Law §§ 2 and 651.

54.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff minimum wages in the lawful amount for hours worked.

55.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates of not less than time and one-half for each hour worked in excess of forty (40) hours in a workweek.

56.     Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours.  New York State Department of Labor Regulations § 142-2.4.

57.    Defendants knowingly and willfully violated Plaintiff's rights by failing to pay a "spread of hours" premium to Plaintiff for each day that his work shift exceeded ten (10) hours pursuant to New York State Department of Labor Regulations.

58.    Neither at the time of hiring, nor thereafter, did Defendants provide Plaintiff with written notice of his regular hourly rate of pay and corresponding overtime rate of pay, and his regularly designated payday, in contravention of New York Labor Law § 195(1).

59.    Defendants failed to furnish Plaintiff with a statement with every payment of wages listing gross wages, deductions, and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 142-2.7.

60.    Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

61.    Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 142-2.6.

62.    Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, unpaid overtime compensation, and unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198.

63.    Plaintiff is also entitled to liquidated damages pursuant to New York Labor Law § 663(1).

## PRAYER FOR RELEIF

**WHEREFORE,** Plaintiff, ERIK ENCARNACION, respectfully requests that this Court grant the following relief:

(a)    An award of unpaid minimum wages due under the New York Labor Law;

(b)    An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(c)    An award of unpaid "spread of hours" premium due under the New York Labor Law;

(d)    An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

(e)    An award of liquidated damages as a result of Defendants' failure to pay minimum wages, overtime compensation, and "spread of hours" premium pursuant to the New York Labor Law;

(f)    An award of statutory damages pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(g)    An award of prejudgment and post-judgment interest;

(h)    An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and,

(i)    Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands

trial by jury on all issues.

Dated: New York, New York
       March 17, 2022

Respectfully submitted,

CILENTI & COOPER, PLLC
*Attorneys for Plaintiff*
200 Park Avenue – 17th Floor
New York, New York 10166
T. (212) 209-3933
F. (212) 209-7102

By:

Giustino (Justin) Cilenti (GC2321)

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, Erik Encarnacion, am an individual currently or formerly employed by SJW Sushi Corp. and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated:    New York, New York
       March 10, 2022

Erik Encarnacion